IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| HENRY CURTIS UNDERWOOD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civ. No. 07-06039-CV-SJ-NKL-P |
| ) | Crim. Nos. 05-06036-01-CR-SJ-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

**ORDER**

Pending before the Court is Movant Henry Curtis Underwood's ("Underwood") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Motion will be denied.

**I.     Background**

On November 16, 2005, Underwood was charged in a one-count indictment that charged him with unauthorized computer intrusion in CASE NO. 05-6036-01-CR-SJ-NKL, in violation of 18 U.S.C. § 1031(a)(5)(A)(I), (a)(5)(B)(I) and (c)(4)(A). The indictment alleged that the Northeast Nodaway R-5 School District in Ravenwood, Missouri ("School District"), had employed Underwood as a technology coordinator. (Plea Tr. 3). The indictment further alleged that he unlawfully locked out or disabled every user account on every computer on the School District's network after he was

1

placed on administrative leave. *Id*. at 4-5. On February 21, 2006, in the presence of his retained defense counsel, Jacquelyn Rokusek ("Rokusek"), Underwood changed his plea from not guilty to guilty for unauthorized computer intrusion before United States Magistrate District Judge Robert E. Larsen. During the change of plea hearing, the magistrate judge asked Underwood if he wished to plead guilty to the one-count indictment and acknowledged that while Underwood had general authority to shut down the computer system if he were working on it, the indictment charged Underwood with intentionally damaging the School District's computer system without authority in retaliation because the School District "accused you of this crime and put[] you on administrative leave." Underwood answered in the affirmative. (Plea Tr. 16-17, 27). The magistrate judge informed Underwood of the range of sentences carried by the charge, as well as the rights that he would be waiving by pleading guilty. *Id*. at 5-9, 23. In addition, Underwood testified that Ms. Rokusek had done everything asked of him. (Plea Tr. 21-22). All of this testimony was given under oath. The magistrate judge found that Underwood' plea was voluntarily given and accepted his plea agreement.

On June 14, 2006, the Court sentenced Underwood to 18 months' imprisonment, followed by three years of supervised release. The Court also ordered Underwood to pay criminal monetary penalties of $100 and a restitution payment of $15,600 to the School District.

**II.     Discussion**

In his Section 2255 motion, Underwood claims that he received ineffective assistance of counsel because 1) the confession leading to his indictment was coerced; and 2) Ms. Rokusek disregarded his desire to plead not guilty on the basis of his coerced confession. Underwood further alleges that Ms. Rokusek advised him that she could not take his case to trial unless he paid her approximately $2,900 of incurred legal costs and that he would lose two points for acceptance of responsibility if he went to trial instead of pleading guilty.

In order to succeed on a claim of ineffective assistance of counsel, the Supreme Court has held that a petitioner must demonstrate (1) that his counsel's performance was constitutionally deficient and (2) that the deficiency prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, the petitioner must show that "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995). Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This showing must include an analysis of the probability that the relief would have been granted by the Court. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (if there is no

3

reasonable probability that the motion would have been successful, movant cannot prove prejudice).[1]

Underwood has not shown any possibility of prejudice by the conduct of his defense counsel. The only basis upon which Underwood might prevail is if 1) Ms. Rokusek's assessment of the admissibility of the confession was constitutionally deficient and 2) the exclusion of that evidence would have prejudiced the outcome of a trial. Underwood states that:

> When I got called into the Human Resources Dept by the FBI Agents, I asked if I need [sic] a lawyer and was told that I didn't commit a crime, they just wanted information. They said if I didn't talk I should remember what happened to Martha Stewart, All they wanted to know was what happened. I left stressed and crying, they asked me to go home. If I had an attorney present [I] know I would not [have] made a[] confession under duress and stress. (Underwood Mot., 4).

Underwood further states that after explaining to the FBI agents the events surrounding the computer intrusion:

> I was then asked to make a statement and again asked if I could have a lawyer if they felt I committed a crime by doing the job asked of me but messed up. One of the agents said no. (Underwood Aff., 4).

"A suspect subject to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning, and that the police must explain this right to him before questioning begins." *Davis v. United States*, 512 U.S. 452, 457 (1994). In

---

[1] The Government also asserts that Underwood waived his right to post conviction appeal pursuant to the plea agreement. A waiver of appeal and post conviction relief is enforceable unless the sentence is illegal, would constitute a miscarriage of justice, or resulted from ineffective assistance of counsel. *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000). Thus, if Underwood fails as to his claim of ineffective assistance of counsel, the waiver is also effective.

4

*Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981), the Supreme Court determined that if an accused expresses his desire to deal with the police only through counsel, he cannot be subjected to further interrogation until a lawyer has been made available unless the suspect himself initiates further communication with the police. In *Davis*, the Supreme Court clarified that "invocation of the Miranda right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." 512 U.S. at 459 (citations omitted). The Supreme Court held there that Davis's statement "Maybe I should talk to a lawyer" was not a request for counsel and that investigators were therefore not required to stop questioning him. *Id*. at 462. A "suspect must unambiguously request counsel," and if he does not "articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney … Edwards does not require that the officers stop questioning the suspect." *Id*. at 459. Underwood's question, "do I need a lawyer?" does not manifest an unambiguous request for counsel. *See United States v. Ogbuehi*, 18 F.3d 807, 813-14 (9th Cir. 1994) ("Do I need a lawyer?" or "Do you think I need a lawyer?" do not rise even to an equivocal request for a lawyer). Ms. Rokusek properly assessed the admissibility of Underwood's confession.

Even if the Court determined that Underwood's confession constituted coerced and/or inadmissible evidence against him, the evidence described by the Government at the change of plea hearing convinces the Court that the deficiency would not have prejudiced the outcome of a trial. During the computer shutdown, the intruder "did not

5

lock down the 'Underwood' account because that account was being used as the point of entry for the intrusion." (Plea Tr. 12). Underwood provided himself remote access to the School District's computer network without its knowledge. *Id.* at 11-12. At his plea hearing, Underwood acknowledged that his intrusion exceeded the authority given him and intentionally damaged the school district's computer system. The Court is unpersuaded as to Underwood's new statements of fact, raised in his reply, that he conducted the shutdown pursuant to requests made by the School District to "find a way to lock out the students that broke the School District computer use policy" and that the intrusion was the result of computer or human error resulting from that "implied permission." (Underwood Reply Br., 2). Similarly, there are no grounds for belief that Underwood pleaded guilty "expecting a chance of probation and $5,000 in restitution." Underwood affirmed that he understood that the Court could impose any sentence available under the law and further knew that the School District had incurred at least $7,000 in direct remediation costs as of the date of his change of plea. (Plea Tr., 12).

Finally, that Ms. Rokusek insisted on payment for legal fees Underwood owed before proceeding with preparation for trial does not constitute ineffective assistance of counsel. Underwood's argument appears to be that as a result of Ms, Rokusek's alleged refusal to continue her representation to trial unless her fees were paid, he felt he could not proceed to trial. The Court understands Underwood's claim as of the variety of "conflict-of-interest" claims that arise when attorneys and clients dispute fees during representation. When a client makes such a claim, he or she must establish that the

6

conflict resulted in a "lapse of representation." *United States v. Stantini*, 85 F.3d 9, 16 (2d Cir.), *cert. denied*, 117 S. Ct. 498 (1996); *see also Cuyler v. Sullivan*, 446 U.S. 335, 349 (1980). Underwood makes no such showing here, nor does the record provide any basis for the allegation. Ms. Rokusek correctly assessed the admissibility of Underwood's confession and his chances at trial. Underwood confirmed that her performance was satisfactory, confirming that she had neither done anything that Underwood did not want her to do nor had she failed to do anything "that [Underwood] asked her to do." (Plea Tr. 21-22).

**III.     Conclusion**

Accordingly, Underwood's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED. Underwood's Request for Documents [Doc. #16] is DENIED as moot.

IT IS SO ORDERED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  March 5, 2008
Jefferson City, Missouri